[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
On October 25, 1996, the plaintiff was in the process of backing into a parking space on Court Street in New Haven. The defendant Tomasso was operating a vehicle owned by the City of New Haven, and as she turned from Orange Street onto Court Street, the city owned vehicle came into contact with the plaintiff's vehicle.
The defendant has denied liability and interposed a special defense bared on § 14-243 (b), dealing with improper backing.
 DISCUSSION I
The defendant's special defense is rejected as the testimony is undisputed that the city vehicle struck the plaintiff's vehicle after it was observed by the defendant Tomasso. She saw him backing into the space and proceeded to try to pass him, and she admitted to hitting the plaintiff's vehicle.
 II
As for the damages claimed, the court finds too many weaknesses in the plaintiff's presentation to warrant a recovery.
The contact between these vehicles was so slight that it is inconceivable that the plaintiff was "thrown about" his vehicle so as to strike his head against the head rest. Or, that he struck his chest on the steering wheel as he stated in his deposition.
The city vehicle was a Ford Taurus, the plaintiffs a large van. The Taurus had a scrape on the left side surface of its bumper while the van CT Page 16610 suffered very minor damage to the left fender where it joins the bumper.
At the scene, the plaintiff displayed no sign of "shock" as he claimed and told Ms. Tomasso he was not hurt.
The plaintiff proceeded to receive a course of extensive treatment from Mark G. Lepensky, a chiropractor. This involved three sessions of therapy a week at first and continued until May of 1997. The Lepensky report makes no mention of two prior traumatic episodes out of which the plaintiff made claims involving his back. Thus, a "5 percent permanent impairment in his cervical spine" attributed to this accident is suspect at best.
At his deposition, the plaintiff responded to a question from defense counsel and said he was hurt probably by his chest hitting the steering wheel. He made no mention of striking his head. At the deposition, he also said that in rear end accident in 1993, he received an injury to his neck. In his court testimony, he said the injury was to his lower back. The effects of his 1993 and 1997 episodes persisted for some time after the injury, but no specific description of the injuries or lingering results was elicited. Yet, on May 29, 1997, with no reference to either episode, he received the 5 percent permanency rating.
In the Lepensky report, it is stated that the plaintiff did not seek immediate medical attention "as he was very shaken." That would seem to be the time that one would seek attention. However, the plaintiff declined medical attention, stated he was not hurt, and showed no signs of the state of shock he claimed he was in. Chiropractic bills totaling $3800 under these circumstances are not believable.
 CONCLUSION
The court concludes the plaintiff was not injured in this accident, that the bills incurred are not genuine nor reasonable, and no permanent injury exists.
The court declines to award damages on a judgment in favor of this plaintiff.
Anthony V. DeMayo, Judge Trial Referee CT Page 16611